IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL GARVEY,

    Plaintiff,                   No. CIV S-03-1923 LKK PAN P

    vs.

U.S. DEPARTMENT OF JUSTICE,
OFFICE OF INTERNATIONAL
AFFAIRS,

    Defendant.                <u>ORDER</u>

_____/

        Plaintiff is a former prisoner proceeding pro se with this civil action brought to compel production of documents under the Freedom of Information Act, 5 U.S.C. § 552 et seq.

        Plaintiff's motion to appoint a special master and to be designated as a private attorney general came on regularly for hearing July 20, 2006. Plaintiff appeared in propria person. Yoshinori H.T. Himel, Assistant United States Attorney appeared for defendant. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of plaintiff and counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Appointment of special masters is governed by Fed. R. Civ. P. 53. The undersigned has authority to appoint a special master only under certain circumstances:

        (A) perform duties consented to by the parties;

        (B) hold trial proceedings and make or recommend
        findings of fact on issues to be decided by the court

1                without a jury if appointment is warranted by

2                    (i) some exceptional condition, or

3                    (ii) the need to perform an accounting or resolve a difficult computation of
4                    damages; or

5                (C) address pretrial and post-trial matters that cannot be addressed effectively and timely by an available
6                district judge or magistrate judge of the district.

7 Fed. R. Civ. P. 53(a)(1).

8         The instant case does not warrant the appointment of a special master.  Plaintiff's

9 request will therefore be denied.  Plaintiff may not serve as a special master in his own case.  Fed.

10 R. Civ. P. 53(a)(2); 28 U.S.C. § 455(b)(5)(i).

11         Plaintiff supports his request to be designated as a private attorney general in his

12 own action by citing <u>Association of Data Processing Service Organizations, Inc. v. Camp</u>, 397

13 U.S. 150 (1970).  As defendant points out, that case is inapposite.  Plaintiff has standing to bring

14 the instant action and is proceeding accordingly.  Plaintiff's request to be designated as a private

15 attorney general will also be denied.

16         To the extent plaintiff seeks funding to perform discovery herein, plaintiff is

17 advised that discovery closed May 24, 2006.  (<u>See</u> April 25, 2006 Order.)  Plaintiff's request is

18 therefore moot.

19         Accordingly, IT IS HEREBY ORDERED that plaintiff's May 22, 2006 motion is

20 denied.

21 DATED: September 28, 2006.

22

23                                               UNITED STATES MAGISTRATE JUDGE

24

25 1; garv1923.dn

26